J-S04033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANTIAGO SALGADO-OCHOA | : | |
| | : | |
| Appellant | : | No. 192 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001494-2021

BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED MAY 28, 2024**

Santiago Salgado-Ochoa ("Salgado-Ochoa") appeals from the judgment of sentence imposed following his convictions for indecent exposure, corruption of minors, and false imprisonment.[1]  Additionally, Salgado-Ochoa's counsel has filed an application to withdraw and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  After careful review, we grant counsel's application to withdraw and affirm Salgado-Ochoa's judgment of sentence.

In 2020, the victim, L.O., reported to police that a male relative, Salgado-Ochoa, had acted inappropriately towards her when she was a child. Police investigated and filed charges against Salgado-Ochoa.  The matter proceeded to a two-day jury trial at which L.O., then seventeen years old, testified that, when she was seven years old, Salgado-Ochoa, then twenty-six

---

[1] ***See*** 18 Pa.C.S.A §§3127(a), 6301(a)(1)(ii), 2903(b).

years old, trapped her alone in a room she shared with her family in his cousin's house,[2] pulled his pants down exposing his penis, and repeatedly told her to touch his penis while grabbing it with one hand.  **See** N.T., 6/28/22, at 32, 35-36, 38-41; **see also** N.T., 6/29/22, at 88.  L.O. tried to go around him to leave the room, but he blocked the door.  **See** N.T., 6/28/22, at 41.  L.O. testified that she felt "really uncomfortable" when this happened "because this was [her] first time seeing that part of a man."  **Id**. at 40.

Salgado-Ochoa testified on his own behalf and denied all of L.O.'s allegations.  At the conclusion of trial, the jury found Salgado-Ochoa guilty of indecent exposure, corruption of minors, and false imprisonment.  **See** N.T.; 6/29/22, at 176-78.  The trial court scheduled a sentencing hearing and ordered a pre-sentence investigation report ("PSI").

On November 18, 2022, after reviewing the PSI, the trial court imposed the following sentences: (1) a term of sixteen months to thirty-six months' imprisonment plus five years' probation consecutive to parole for false imprisonment; (2) a term of nine months to twenty-four months plus three years' probation consecutive to parole for corruption of minors; and (3) a term of three months to twelve months to be served consecutively for indecent exposure.  In sum, the trial court imposed an aggregate sentence of two years and four months to six years' incarceration followed by eight years' probation.

---

[2] L.O. testified that she referred to Salgado-Ochoa as "uncle."  **See** N.T., 6/28/22, at 36.

Salgado-Ochoa's former defense counsel filed a timely motion for post-sentence relief challenging the weight of the evidence and the discretionary aspects of his sentence. The trial court denied the motion and Salgado-Ochoa filed a timely notice of appeal. The trial court ordered Salgado-Ochoa to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, newly-appointed counsel submitted a statement of intent to file an **Anders** brief pursuant to Rule 1925(c)(4). In this Court, counsel filed an **Anders** brief and an application to withdraw from representation. Salgado-Ochoa did not respond to the application to withdraw.

Counsel's **Anders** brief identifies the following issues for our review:

I. Was sufficient evidence presented to support [Salgado-Ochoa's] convictions beyond a reasonable doubt on the charges of: indecent exposure, corruption of minors, and false imprisonment?

II. Did the trial court abuse its discretion in finding the jury's verdict was not against the weight of the evidence?

III. Was the imposed sentence manifestly unreasonable and excessive?

**Anders** Brief at 4 (unnecessary capitalization omitted).

Before we assess the substance of counsel's **Anders** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Counsel must also provide a copy of the ***Anders*** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Orellana***, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." ***Commonwealth v. Dempster***, 187 A.3d 266, 271 (Pa. Super. 2018) (*en banc*) (quoting ***Anders***, 386 U.S. at 744).

Here, in the ***Anders*** brief, counsel provides a procedural and factual history of the case, with citations to the record, discusses the issues arguably supporting the appeal, and explains why counsel concludes those issues are frivolous. ***See Anders*** Brief at 5-33. Counsel mailed a copy of the ***Anders*** brief to Salgado-Ochoa, and in her cover letter, counsel advised him that he could raise any additional issues before this Court *pro se* or with private counsel. ***See*** Petition to Withdraw as Counsel, 10/17/23, Exhibit 3. As counsel has substantially complied with the requirements of ***Anders*** and ***Santiago***, we will conduct an independent review to determine whether this appeal is frivolous.

The first issue raised in the **Anders** brief presents a challenge to the sufficiency of the evidence supporting Salgado-Ochoa's convictions. Thus, as a part of our duty to conduct an independent review of the entire case, we will address the sufficiency claim.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the factfinder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super.2004) (quoting **Commonwealth v. Bullick**, 830 A.2d 998, 1000 (Pa. Super.2003)).

A person commits indecent exposure "if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa.C.S.A. § 3127(a).

A person commits the crime of corruption of minors when the person is over the age of eighteen and the victim is less than eighteen years of age and

the person "by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 . . .." 18 Pa.C.S.A. § 6301(a)(1)(ii).

Finally, false imprisonment of a minor by an offender who is not the victim's parent is established when the offender "knowingly restrains another unlawfully so as to interfere substantially with his liberty." 18 Pa.C.S.A. § 2903(b).

Counsel concedes that the evidence was sufficient to establish indecent exposure and corruption of minors. With respect to false imprisonment of a minor, counsel concedes that the evidence was sufficient, but posits whether it could be argued that Salgado-Ochoa did not substantially interfere with L.O.'s liberty because the entire incident lasted approximately one minute, and Salgado-Ochoa did not physically restrain L.O. in any manner.

Based on our independent review of the record, and viewing the evidence presented in the light most favorable to the Commonwealth, we conclude that Salgado-Ochoa's convictions are supported by sufficient evidence. L.O. testified that, when she was seven years old, Salgado-Ochoa restrained her in a bedroom by closing the door, blocking her exit, and preventing her from leaving the room, and then pulled his pants down, exposed his penis, and repeatedly told her to touch his penis while grabbing it with one hand. ***See*** N.T., 6/28/22, at 36, 38-41. L.O. further testified that

Salgado-Ochoa's conduct made her "very uncomfortable" because she had never seen male genitals. *Id*. at 40.

This evidence was sufficient to establish indecent exposure based on L.O.'s testimony that Salgado-Ochoa exposed his genitals to her when he knew or should have known that his conduct was likely to offend, affront, or alarm a seven-year-old child. *See* 18 Pa.C.S.A. § 3127(a). Additionally, because Salgado-Ochoa was over the age of eighteen and L.O. was less than eighteen years of age at the time he exposed his penis to her and directed her to touch it, such testimony also sufficiently established corruption of minors because Salgado-Ochoa engaged in a course of conduct in violation of Chapter 31 which corrupted or tended to corrupt the morals of a minor less than eighteen years of age. *See* 18 Pa.C.S.A. § 6301(a)(1)(ii).

Finally, as Salgado-Ochoa was not L.O.'s parent, her testimony sufficiently established that, by closing the door, blocking her exit, and refusing to let her leave the room, he falsely imprisoned L.O. because he knowingly and unlawfully restrained her and interfered substantially with her liberty. *See* 18 Pa.C.S.A. § 2903(b). That the incident lasted only one minute, and Salgado-Ochoa did not physically restrain L.O., is not determinative. Section 2903(b) does not include a temporal element or require that the minor be physically restrained to obtain a conviction. Moreover, the jury was entitled to find that, for a seven-year-old child, the mental trauma resulting from being trapped in a room with an adult who closed the door, blocked her exit, and would not let her leave, was a substantial interference with L.O.'s liberty, even

if only for one minute. Thus, based on our independent review of the record, we conclude that Salgado-Ochoa's sufficiency challenge is wholly frivolous.

The second issue raised by counsel in the **Anders** brief is that the verdict was against the weight of the evidence. A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Rayner**, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000)). Our review of a weight challenge is well-settled:

> [t]he determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the factfinder, whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Lyons**, 833 A.2d 245, 259 (Pa. Super. 2003). A trial court's determination that a verdict was not against the interest of justice is "[o]ne of the least assailable reasons" for denying a new trial. **Commonwealth v. Colon–Plaza**, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013)).

Here, in the **Anders** brief, counsel explains that L.O. waited eight years before bringing her accusations against Salgado-Ochoa, and one year later she added additional details to her accusation. Counsel further explains that L.O. wrote a letter to her mother in 2020 in which she expressed that she was overwhelmed and angry with her mother about the adult responsibilities that were forced upon L.O. when she was a very young child. Counsel queries whether L.O.'s anger against her mother and her mother's illicit relationship with Salgado-Ochoa may have caused L.O. to bring her accusations against Salgado-Ochoa. Counsel also points out that the accusations made by L.O. would have granted L.O. and her immediate family, who are undocumented immigrants, U visa protection. However, counsel nonetheless concedes:

> There is no evidence of record indicating the trial court's denial of [Salgado-Ochoa]'s motion for new trial was the result of partiality, prejudice, bias or ill-will. Further, there is also no evidence that the trial court's judgment was manifestly unreasonable. The jury's verdict was based on evidence of record and the jury's credibility determinations. Therefore, it was not manifestly unreasonable.

**Anders** Brief at 23.

The trial court considered Salgado-Ochoa's challenge to the weight of the evidence and determined that it lacked merit. The court reasoned:

> Considering the verdict, it seems the jury did not give much weight to [Salgado-Ochoa]'s denials of guilt or his claims that the charges against him were the result of [L.O.'s] ulterior motives. The jury chose to accept the uncontradicted and consistent

testimony from [L.O.] that, when she was six years old,[3] she returned from kindergarten while living in the same house as [Salgado-Ochoa] and while he was in her room, he pulled down his pants, and asked her to touch his penis. When she refused, he blocked her exit and continued to ask her to touch his penis. The reliability of [L.O.'s] allegations is corroborated by their consistency and by the fact that they came to light due to an investigation initiated by [L.O.'s] school to address her lack of attendance and poor grades, not a criminal complaint. Thus, we found nothing in the record to support [Salgado-Ochoa]'s contention that the jury should have given the [L.O.'s] testimony less weight, and we found that the jury's assessment of the evidence was reasonable. Accordingly, we found that [Salgado-Ochoa] failed to meet his burden to show that his convictions were contrary to the weight of the evidence produced at trial and denied his post-trial motion.

Supplemental Rule 1925(a) Opinion, 4/29/24, at 6.[4]

We discern no abuse of discretion by the trial court in concluding that the jury's verdict was not against the weight of the evidence. The verdict confirms that the jury credited the testimony of L.O., despite her delay in revealing Salgado-Ochoa's crimes against her and despite a minor addition to the details of the encounter, her anger at her mother, and her status as an illegal immigrant. The jury's verdict additionally reflects its rejection of Salgado-Ochoa's testimony as credible, as well as its finding that his denials of the encounter and claims of innocence were not believable. Based on the record before us, we find no basis to disturb the trial court's determination

_____

[3] L.O. testified that the incident occurred when she was six or seven years old. **See** N.T. 6/28/22, at 34, 48, 52-53.

[4] In its initial Rule 1925(a) opinion, the trial court did not specifically address Salgado-Ochoa's weight challenge. Pursuant to this Court's judgment order, the trial court filed a supplemental Rule 1925(a) opinion in which it addressed the weight challenge.

that the verdict was not against the weight of the evidence. It is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. **See Lyons**, 833 A.2d at 259. Thus, as we discern no abuse of discretion by the trial court regarding the denial of Salgado-Ochoa's motion for a new trial, we conclude that Salgado-Ochoa's challenge to the weight of the evidence is wholly frivolous.

The final issue raised by counsel in the **Anders** brief concerns the sentencing guidelines used by the trial court when imposing Salgado-Ochoa's sentence. This issue presents a challenge to the discretionary aspects of his sentence. Such challenges must be raised in a post-sentence motion or during the sentencing proceedings, or they are waived. **See Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013); **see also** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

In the **Anders** brief, counsel contends that the sentencing guidelines suggested by the prosecutor—and used by the trial court with the agreement of all parties—were the incorrect guidelines which did not apply to the period of time specified in the verdict slip. Counsel argues that incorrect offense gravity scores for false imprisonment and corruption of minors were used, resulting in the trial court considering incorrect guideline ranges.

Counsel additionally points out that the prosecutor indicated to the trial court that Salgado-Ochoa's convictions for false imprisonment and corruption of minors required him to register as a Tier I sex offender for fifteen years.

Counsel asserts that the verdict slip indicated that Salgado-Ochoa committed his crimes against L.O. between October 2010 and October 2012. Counsel maintains, based on this timeframe, Salgado-Ochoa was Subchapter I, which applies to sexual offenders who committed an offense on or after April 22, 1996 but before December 20, 2012. **See Anders** Brief at 31 (citing 42 Pa.C.S.A. § 9799.55). Counsel challenges Salgado-Ochoa's registration requirements because Subchapter I does not require registration for any of Salgado-Ochoa's convictions.

Here, we are precluded from reviewing these particular challenges to the discretionary aspects of Salgado-Ochoa's sentence because he did not raise these issues at sentencing or in his post-sentence motion. Therefore, he did not properly preserve these claims for our review, and they are waived. **See Griffin**, 65 A.3d at 935. Accordingly, we conclude that any challenge to the discretionary aspects of Salgado-Ochoa's sentence is frivolous.

Lastly, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **See Commonwealth v. Yorgey**, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*). Accordingly, we affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/28/2024</u>